**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON VAN DYKE,<br><br>              Plaintiff,<br><br>v.<br><br>WESLEY SCHULTZ, JEREMY FRAITES,<br>THE LUMINEERS, LLC, *et al.*,<br><br>              Defendants. | Civil Action No.: 14-cv-3296<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

      Before the Court is Defendants' motion to transfer venue to the District of Colorado pursuant to Fed. R. Civ. P. 12(b)(3). (ECF No. 4). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court denies Defendants' motion.

**I.    INTRODUCTION**

      This case arises out of allegations that Defendants violated Plaintiff's co-ownership rights in various musical compositions and recordings, and Plaintiff's partnership rights under New Jersey law. (Compl.[2] ¶ 1). Generally, the defendant bears the burden of showing improper venue. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-725 (3d Cir. 1982). When deciding a Rule 12(b)(3)

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

[2] ECF No. 1.

motion, a Court must accept as true the allegations in the complaint, though the parties may submit affidavits to support their positions. Leone v. Cataldo, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). Accordingly, the Court considers the facts as stated in the Complaint and the parties' briefings.

Plaintiff was a resident of California at the time this suit was filed in May 2014. (Compl. ¶ 4). Plaintiff avers he lived in California from 2012 to 2014 to complete graduate studies at California State University. (Van Dyke Decl.[3] ¶ 2). Prior to living in California, Plaintiff alleges he resided in New Jersey for thirty years. (Van Dyke Decl. ¶ 1). Plaintiff contends that he left California in June 2014, intending to permanently return to New Jersey where he currently resides. (Van Dyke Decl. ¶¶ 3-4). Defendants Schultz, Fraites, and The Lumineers LLC, Inc.[4] are residents of Colorado. (Compl. ¶¶ 5-7).

Plaintiff alleges that he joined Defendants Schultz and Fraites in a musical group in 2008. (Compl. ¶ 9). Plaintiff alleges he formed a partnership with Defendants under New Jersey law, and has a property interest in the songs they created together under the United States Copyright Act. (Compl. ¶¶ 1; 11-13). Plaintiff alleges that "virtually all" of the songwriting, rehearsing, and recording occurred in New Jersey, at Defendants' parents' homes. (Van Dyke Decl. ¶ 7). In October 2009, Defendants Schultz and Fraites moved to Colorado, but Plaintiff remained in New Jersey. (Compl. ¶ 31). Defendants allege all the relevant evidence is located in Colorado. (Fraites Aff.[5] ¶ 4; Schultz Aff.[6] ¶ 5).

---

[3] ECF No. 7-1.
[4] Defendant "The Lumineers LLC, Inc.," incorrectly sued herein as "The Lumineers LLC," is a Delaware S-Corporation with its principal place of business in Colorado. (Defs.' Br. Supp. at 4; ECF 4-6).
[5] ECF No. 4-2.
[6] ECF No. 4-1.

2

Defendants concede that New Jersey is a proper forum for this suit under 28 U.S.C. § 1391(b)(2), because "a substantial part of the events or omissions giving rise to Plaintiff's claims may have occurred in New Jersey." (Defs.' Reply Br.[7] at 6). However, Defendants move to transfer to the District of Colorado pursuant to 28 U.S.C. § 1404(a), arguing that (i) this suit could have been brought in Colorado, and (ii) the convenience of parties and witnesses and the interest of justice favor transfer. (Defs. Br. Supp. at 5).

## II. **LEGAL STANDARD**

Section 1404(a) allows transfer "where both the original and the requested venue are proper." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Here, Defendants concede that venue could be proper in New Jersey under 28 U.S.C. § 1391(b)(2). (Defs.' Br. Supp. at 5; Compl. ¶ 3). Accordingly, 28 U.S.C. §1404(a) applies. Section 1404(a) permits transfer to a more convenient forum "[f]or the convenience of parties and witnesses, in the interest of justice." The moving party bears the burden of establishing that the transfer is appropriate and must demonstrate that the proposed forum is more convenient than the present forum. Jumara, 55 F.3d at 879. "The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis." Santi v. Nat'l Bus. Records Mgmt., LLC, 722 F.Supp.2d 602, 606 (D.N.J. 2010).

When deciding 1404(a) motions, courts consider a balancing of private and public factors. Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 189 (3d Cir. 2008) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947)). Private interests include: the Plaintiff's choice of forum; the ease of access to sources of proof; the availability and convenience to the witnesses –"but only

---

[7] ECF No. 8.

3

to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Jumara, 55 F.3d at 879 (citations omitted). Public factors considered by the Third Circuit include: enforceability of the Court's judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; court congestion in the respective fora; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law. Jumara, 55 F.3d at 879 (citations omitted).

### III.   DISCUSSION

Defendants argue that this action could have been brought in Colorado. (Defs.' Br. Supp. at 4). Pursuant to 28 U.S.C. 1391(b)(1), venue is appropriate in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, all Defendants are residents of Colorado. (Compl. ¶¶ 5-7). Accordingly, the Court finds Colorado could be an appropriate alternate forum.

Defendants also argue that private and public interests support that Colorado is the more appropriate venue. (Defs.' Br. Supp. at 5-8). Plaintiff argues that New Jersey is the appropriate forum, and that all the private and public factors support keeping the case here. (Pl. Br. Opp'n[8] at 4-8). For the following reasons, the Court finds that neither private nor public factors favor transferring this action to Colorado.

#### A.   The Private Factors

The private interests of the parties do not favor transfer. Plaintiff's chosen forum, New

---

[8] ECF No. 7.

4

Jersey, is a paramount consideration in any determination of a transfer request, which should not be lightly disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). Defendants argue that Plaintiff's choice is not entitled to significant weight because Plaintiff was a resident of California, not New Jersey, at the time of filing. (Defs.' Reply Br. At 5). Indeed, a foreign plaintiff's chosen forum is not entitled to significant deference. See Windt, 529 F.3d at 190 ("[A] foreign plaintiff's choice deserves less deference.")(citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981)). However, a foreign plaintiff may bolster the amount of deference given to their chosen forum by making a strong showing of convenience. Windt, 529 F.3d at 190 (citing Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 634 (3d Cir. 1989)). Here, even if deference to Plaintiff's choice is limited, the other factors do not shift the balance toward transfer to Colorado. Defendants' allegation that Colorado is more convenient for *all* the parties, (Defs.' Br. Supp. at 7), is belied by Plaintiff's evidence that he currently resides in New Jersey. (Van Dyke Decl. ¶ 4; Ex. A). Additionally, the claims arose from the parties' relationship in New Jersey throughout 2008 and 2009. (Defs.' Reply Br. At 6). Defendants have not demonstrated, beyond conclusory statements, that witnesses or evidence would be unavailable to this Court. See Jumara, 55 F.3d at 879. Accordingly, Defendants' argument that they will be inconvenienced by litigating in this Court is not sufficient.

### B.   The Public Factors

The public factors also favor New Jersey. Plaintiff asserts a claim to partnership assets under New Jersey law.[9] (Compl. ¶ 1). Accordingly, this Court is likely more familiar with the law upon which Plaintiff's claim rests. Further, Defendants have provided insufficient support for

---

[9] N.J. Stat. Ann. § 42:1A-10.

their contention that the trial would be easier, more expeditious, or more inexpensive in Colorado. There is similarly no argument that this Court's judgment would be less enforceable than that of a court sitting in Colorado. Accordingly, the public factors do not support transfer.

Because neither the private nor public factors weigh in favor of transfer, the Court declines to transfer this action to Colorado pursuant to 28 U.S.C. § 1404(a).

### IV. CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendants' motion to transfer venue is DENIED.

DATED: January 15, 2015

**CLAIRE C. CECCHI, U.S.D.J.**